UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BEN RAY YODER,

    Plaintiff,

v.                                              Case No. 4:19cv621-MW-HTC

STATE OF FLORIDA,

    Defendant.
_____/

REPORT AND RECOMMENDATION

On December 27, 2019, Plaintiff, a prisoner proceeding *pro se*, initiated this action by filing a complaint entitled "Notice of Removal" purporting to remove either a state court criminal prosecution or a civil state court petition for mandamus to this Court.[1] ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth herein, the undersigned respectfully recommends this action be dismissed for failure to state a

---

[1] It is unclear whether Plaintiff is attempting to remove the State of Florida's criminal prosecution against him (Case No. 2019-139-CA); his subsequent appeal of the judgment in that case (Case No. 1D19-2804); or his subsequent petition for writ of mandamus arising out of that case (Case No. ID19-3078). The case style of Plaintiff's Notice of Removal is Case No. 2019-139-CA, and Plaintiff attaches documents regarding his other cases to the notice.

cause of action as well as on the additional ground of failure to prosecute or follow an order of this Court.

As set forth in this Court's February 3, 2020 Order, this action is subject to dismissal for several reasons. Namely, (1) to the extent Plaintiff sought to remove the State of Florida's criminal prosecution against him, such removal was time-barred because the criminal action had already been adjudicated; (2) to the extent Plaintiff sought to remove his subsequent petition for writ of mandamus, such removal was both time-barred and applicable only to defendants, not to a plaintiff; and (3) to the extent Plaintiff sought to sue the State of Florida for a violation of a constitutional right, he could not do so because the State of Florida is immune from such liability. *See* ECF Doc. 5.

However, because of Plaintiff's *pro se* status, rather than dismiss Plaintiff's action pre-service, the undersigned gave him an opportunity to show cause why he should be allowed to amend his complaint. *Id*. The deadline for Plaintiff to respond to the Court's show cause order was February 29, 2020. *Id.* The Court also extended Plaintiff's deadline to file a motion to proceed *in forma pauperis* or pay the filing fee pay to February 17, 2020, *if* he intended to respond to the show cause order and proceed with this action.[2]

---

[2] Plaintiff was initially ordered to pay the fee or move for leave to proceed *in forma pauperis* by February 4, 2020. ECF Doc. 3 (January 14, 2020 Order). However, on the same day the Court entered its order, the Court received Plaintiff's "Notice to the Court" in which Plaintiff contended

Case No. 4:19cv621-MW-HTC

Plaintiff was warned that his failure to comply with any part of the Court's January 14 or February 3 orders – directing him to show cause why he should be allowed to amend and either file an *in forma pauperis* application or pay the filing fee – would result in a recommendation that his case be dismissed. ECF Docs. 3, 5. Plaintiff has not complied with any part of the Court's January 14 or February 3 orders. Indeed, it has been more than two (2) months since Plaintiff last took any action in this case.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED for failure to state a claim and, also, for failure to prosecute and failure to comply with orders of the Court.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 30th day of March 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

he was "exempt" from paying the filing fee because this was a collateral proceeding to his state court conviction. ECF Doc. 4. Subsequently, on February 3, 2020, the undersigned issued an order (1) informing Plaintiff that he was not exempt from paying a filing fee and that this action is not collateral to his state court conviction and (2) extending the time for Plaintiff to either file an *in forma pauperis* application or pay the filing fee to February 17, 2020. ECF Doc. 5

Case No. 4:19cv621-MW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv621-MW-HTC